## IN RE MATTULLATH.

PATENTS; RES JUDICATA; PATENTABILITY.

1. A decision of this court reversing a decision of the Commissioner of Patents dismissing a petition to revive an application on the ground that the application had been abandoned, and remanding the cause of the Commissioner with directions to set aside the order of abandonment and reinstate the application, does not involve the question of the operativeness of the invention, and is therefore not *res judicata* of that question.

2. A decision of the Commissioner rejecting claims of an application for patent for a heavier-than-air flying machine on the ground of inoperativeness, *affirmed*, with the suggestion that the applicant was attempting to read into the application the development that has taken place in the art since the filing of the application.

No. 1073. Patent Appeals. Submitted January 9, 1917. Decided February
5, 1917.

HEARING on an appeal from a decision of the Commissioner
of Patents rejecting claims in an application for a patent.

*Affirmed.*

The facts are stated in the opinion.

*Mr. W. H. Swenarton* and *Mr. T. D. Merwin* for the appellant.

*Mr. Wm. R. Ballard* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by Meta Mattullath, administratrix of
Hugo Mattullath, from a decision of the Commissioner of Patents rejecting ten claims of an application for patent. Claims
1, 3, and 10 are here reproduced:

"1. In a flying machine, the combination with a supporting
body and the aeroplane mounted thereon of supporting stanchions composed of vertical uprights, keels of hollow ship-shaped
cross section united at a distance apart by a vertical series of
transverse members constituting aeroplanes and stiffening members."

"3. In a flying machine of the character described, the herein described means for promoting its lateral stability during
flight, the same consisting in the combination with the fixed
supporting aeroplanes thereof of two boat-shaped cars extending
longitudinally of the flying machine adjacent to its outer edges,
said boats being widely separated and dividing between them
the principal part of the weight so as to increase the moment of
inertia of the vessel."

"10. In a flying machine of the aeroplane type, the combination of a plane supporting means, elevation controlling means
movable about a transverse horizontal axis of the machine; later-

ally arranged stabilizing means positioned on opposite sides of the longitudinal axis of said machine, and a steering rudder operatably connected with said machine."

The alleged invention, as will be gathered from a reading of the above claims, relates to a heavier-than-air flying machine, and the rejection was on the ground of inoperativeness. About 1903 the application was held abandoned for failure to respond to Office action within the year provided by law. Several years later, upon the refusal of the Commissioner to grant a petition to revive it, an appeal was taken to this court, and we ruled that there had been no abandonment and therefore reversed the decision of the Commissioner, "with direction to set aside the order of abandonment and reinstate the application." *Re Mattullath,* 38 App. D. C. 497. It now is urged that our decision involved the question of operativeness, and hence is *res judicata* here. The fallacy of this contention soon will become apparent. The Office had ruled that the application was abandoned for failure of the applicant properly to respond to Office action. A petition was addressed to the Commissioner to revive the application, and the only question before this Court was whether the Commissioner erred in refusing that petition. A reversal of his decision simply established the status quo; in other words, it re-established the situation at the time of the alleged abandonment. The question of operativeness had not been passed upon by the Examiners in Chief or the Commissioner, and was neither involved nor passed upon here.

Each of the three tribunals of the Patent Office has very carefully and satisfactorily stated the reasons for the rejection of these claims, and as it would serve no useful purpose to repeat them we shall not do so. It is enough to suggest that in our opinion appellant is attempting to read into the application the wonderful development that has taken place in this art since the filing of this application.

The decision is affirmed.                              *Affirmed.*